# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH S. TERRILL, | CASE NO. 1:11-cv-00118-AWI-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| N. GRANNIS, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**First Screening Order**

**I.      Screening Requirement and Standard**

Plaintiff Joseph S. Terrill, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 24, 2011. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's

allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. E.g., Patel v. Kent School Dist., 648 F.3d 965, 971 (9th Cir. 2011); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). For *each* defendant named, Plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50; Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). There is no *respondeat superior* liability under section 1983, and each defendant may only be held liable for misconduct directly attributed to him or her. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).

**II.     Plaintiff's Claims**

Plaintiff, who is currently incarcerated at California State Prison-Solano in Vacaville, brings this suit against N. Grannis, Chief of the Inmate Appeals Branch; Warden Ken Clark; Correctional Counselor A. Rivera; Correctional Lieutenants D. Snell and F. A. Rodriguez; Appeals Coordinator R. Hall; L. Zinani; and Correctional Officers P. Ward and Marquez. Plaintiff alleges that while he was at California Substance Abuse Treatment Facility and State Prison (SATF) in Corcoran,

///

Defendants violated his rights under the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

### A.     General Issues

#### 1.     Joinder Requirements

In this action, Plaintiff is bringing unrelated claims against an unrelated parties, which is not permitted. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). As an initial matter, Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Although Plaintiff asserts that his claims are related because they all involve the inmate appeals process, this argument is foreclosed by the facts that (1) the events giving rise to Plaintiff's claims are separate and unrelated, and (2) claims may not be made against appeals coordinators based on their administrative review of inmates' appeals, the latter of which eliminates the asserted commonality between the otherwise unrelated claims. (Comp., court record p. 7 ¶14.) Plaintiff's complaint will, by this order, be dismissed with leave to amend, and the Court will permit Plaintiff to select the claim he wishes to pursue in this action. If Plaintiff alleges multiple claims in his amended complaint which violate the applicable joinder rules, the Court will choose the operative claim and dismiss the unrelated claims. Thus, it behooves Plaintiff to make a good faith determination regarding which claim he seeks to pursue in this action and which other claims should be omitted because they violate the joinder rules.

#### 2.     Claims Arising from Inmate Appeals Decisions

Many of Plaintiff's claims against Defendants arise from their involvement in the inmate appeals process. Plaintiff cannot pursue any claims against staff for violation of the Due Process Clause relating to their involvement in the administrative review of his inmate appeals. The

existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). To state a claim under section 1983, Plaintiff must demonstrate personal involvement in the underlying violation of his rights, Iqbal, 129 S.Ct. at 1949; Jones, 297 F.3d at 934, and liability may not be based merely on Plaintiff's dissatisfaction with a decision on a subsequent administrative review of a grievance of that underlying violation, Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640.

### 3. Violation of State Prison Rules and Regulations

Throughout his complaint, Plaintiff alleges various violations of state prison rules and regulations. Those violations, without more, do not support any claims under section 1983. Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001); Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events complained of rise to the level of a federal statutory or constitutional violation may Plaintiff pursue them under section 1983. Patel, 648 F.3d at 971; Jones, 297 F.3d at 934. Thus, complaints that prison officials violated state regulations regarding the inmate appeals process or prison disciplinary proceedings, for example, will not support a claim for denial of due process under federal law.

### B. Enumerated Claims[1]

#### 1. Claim 1 - Gang Member/Affiliate Validation

##### a. Due Process

Plaintiff was validated as a gang member/affiliate, which he describes as illegal and without basis. As an initial matter, Plaintiff is seeking to impose liability not on those who validated him but on those who reviewed his subsequent inmate appeal grieving the decision. There is no basis for liability against the appeals coordinators under these circumstances. Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640.

///

---

[1] Plaintiff identifies six separate claims for relief in his complaint. Although most of the "claims" include more than one legal claim, the Court will utilize Plaintiff's format for ease of reference.

4

Next, Plaintiff has not identified a protected liberty interest with respect to remaining free from the validation, and Plaintiff has not identified any due process violations with respect to his validation.

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, id. at 222-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Wilkinson, 545 U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

If a protected interest is identified, the inquiry then turns to what process is due. Wilkinson, 545 U.S. at 224. The validation of gang members and affiliates is an administrative measure rather than a disciplinary measure, and as a result, prisoners are entitled only to the minimal procedural protections of adequate notice, an opportunity to be heard, and periodic review. Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003). In addition to those minimal protections, there must be some evidence with an indicia of reliability supporting the decision. Bruce, 351 F.3d at 1287; Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987).

To state a claim, Plaintiff must demonstrate the existence of a liberty interest and thereafter link the denial of procedural due process to one or more defendants. Only those staff members personally involved in Plaintiff's validation without due process are properly named as parties.

///

///

**b.     Eighth Amendment**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). To state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Although Plaintiff alleges "deliberate indifference," his complaint is devoid of any facts supporting a claim that prison officials knowingly disregarded a substantial risk of harm to his safety. (Comp., ¶23.) Accordingly, Plaintiff fails to state an Eighth Amendment claim.

**2.     Claim 2 - RVR for Refusing to Take TABE Test**

Plaintiff alleges a claim arising out of the adjudication of a rules violation report (RVR) against him on April 9, 2008, for refusing to take a TABE test. Plaintiff seeks to impose liability against the hearing officer, Defendant Snell, and against Defendant Grannis, who denied his appeal at the Director's Level of review.

As previously stated, Defendant Grannis's administrative review of Plaintiff's appeal grieving the violation of his rights relating the adjudication of his disciplinary charge provides no basis for liability. Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640.

Plaintiff's due process claim against Defendant Snell fails on two grounds. First, Plaintiff was assessed a credit forfeiture as a result of being found guilty of the charge. (Comp., Ex. B, court record p. 57.) State prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S.Ct. 1242 (2005). Known as the favorable termination rule, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their

6

confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson v. Dotson, 544 U.S. at 81. Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if*'s success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-2.

Plaintiff does not allege that he succeeded in overturning the guilty finding or that his credit loss was otherwise restored. If so, Plaintiff is barred from litigating in this action any claim which, if successful, would invalidate the disciplinary finding which led to the credit forfeiture. Within the purview of the favorable termination rule would be any due process challenge to the issuance of the RVR or to the disciplinary hearing, as a finding in Plaintiff's favor would necessarily invalidate the finding of guilt.

Second, even if Plaintiff's claim is not barred by the favorable termination rule because he did not ultimately lose time credits, his due process claim still fails. Plaintiff has not identified the existence of a protected liberty interest. The other punishment assessed against Plaintiff was the loss of Friday visitation for ninety days, which does not implicate a protected liberty interest, and the absence of an identifiable interest precludes the finding of a viable due process claim. Wilkinson v. Austin, 545 U.S. at 221.

### 3. Claim 3 - RVR for Disruptive Behavior

#### a. Excessive Force

Plaintiff alleges that on October 12, 2008, Defendant Rodriguez conducted an "illegal" disciplinary hearing on the charge against him for "disruptive behavior," and he ordered Defendants Ward and Marquez to assault Plaintiff. Specifically, Plaintiff alleges that Defendant Rodriguez ordered Defendant Ward to bring Plaintiff to him. (Comp., Ex. C, p. 80.) Defendant Ward grabbed Plaintiff's arm and brought him to Defendant Rodriguez who ordered Defendants Ward and Marquez to physically restrain Plaintiff and escort him back to the housing unit. (Id.)

Although Plaintiff may have found the physical contact at issue here offensive, as he alleges, it does not support a claim for excessive force under the Eighth Amendment. (Id., ¶33.) At most,

7

what Plaintiff describes is a *de minimis* use of force, which does not trigger the protection of the Eighth Amendment. Wilkins v. Gaddy, ___ U.S. ___, ___, 130 S.Ct. 1175, 1178 (2010) (per curiam).

### b. Due Process

Plaintiff's complaint is devoid of any facts suggesting that he was deprived of a protected liberty interest as a result of being found guilty of disruptive behavior. Wilkinson v. Austin, 545 U.S. at 221. In the absence of a protected interest, no claim lies. Id.

Plaintiff also seeks to impose on liability on those involved in reviewing his subsequent inmate appeal. As previously set forth, there is no basis for liability against the appeals coordinators. Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640.

### 4. Claim 4 - Retaliation During RVR Hearing

### a. Retaliation

Plaintiff alleges that Defendant Rodriguez was prohibited from conducting the disciplinary hearing for disruptive behavior on October 12, 2008, because he was the hearing officer for the earlier charge of refusal to take the TABE test and Plaintiff had filed an inmate appeal against him over those proceedings. On November 13, 2008, Plaintiff filed an inmate appeal against Defendant Rodriguez based on the hearing on October 12, 2008. Plaintiff alleges that during the hearing, Defendant Rodriguez retaliated against him for filing the earlier grievance.

While filing grievances is an activity protected by the First Amendment and prison officials may not retaliate against inmates for exercising this right, Plaintiff's conclusory allegation of retaliation falls well short of stating a claim. Bruce, 351 F.3d at 1288. Plaintiff's complaint contains no factual support for a claim that Defendant Rodriguez took adverse action against him because he filed an earlier grievance. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009); Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

### b. Due Process

Plaintiff also alleges a due process claim arising from events relating to the processing and resolution of his inmate appeal concerning the hearing held on October 23, 2008. This claim fails as a matter of law for the reasons previously articulated. Ramirez, 334 F.3d at 860; Mann, 855 F.2d

at 640.

### 5. Claim 5 - Staff Misconduct Related to Plaintiff's Appeals

Plaintiff's fifth claim arises from events relating to his inmate appeals and letters of complaint. Plaintiff alleges various incidents of mishandling and "subterfuge." (Comp., ¶¶52-61.) However, the actions and/or omissions of staff regarding Plaintiff's inmate appeals and complaint letters provide no basis for a constitutional claim. Plaintiff enjoys no right to due process by virtue of the existence of the appeals process, Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640, and Plaintiff has not alleged any instances where appeals or supervisory personnel were personally involved in the underlying violation of his rights, Iqbal, 129 S.Ct. at 1949; Jones, 297 F.3d at 934. Accordingly, claim 5 is not viable under section 1983.

### 6. Claim 6 - Adverse Prison Transfer

On March 27, 2009, Plaintiff was informed that a lock-up order had been issued and he was put in a holding cage. Approximately thirty minutes later, Defendant Rivera informed Plaintiff that a lock-up order had been issued by Defendant Snell based on an apparent escape attempt by Plaintiff in 1975. Plaintiff told Defendant Rivera that the so-called escape attempt was an excuse to lock Plaintiff up in retaliation for the complaints he filed. Defendant Rivera subsequently told Plaintiff that they had discovered a second escape attempt in his file history and Defendant offered to draft a chrono for Plaintiff to sign, which he did. Later that day, Plaintiff was given a copy of the lock-up order, which stated that he could not be appropriately housed at SATF.[2]

On April 3, 2009, Plaintiff appeared before the classification committee, which elected to transfer him to another prison based on erroneous information in Plaintiff's file regarding an escape in 1975 and on the chrono drafted by Defendant Rivera.[3]

---

[2] Plaintiff's exhibit indicates that Plaintiff had been at a "MED-A" custody level since 1986, but because of the "multiple walk-aways," Plaintiff was required to be no less than a "CLOSE-B" custody level. (Comp., Ex., p. 155.) Plaintiff was reclassified as "CLO-B custody and Level III," and recommended for transfer. (Id.)

[3] Plaintiff was subsequently transferred to California State Prison-Corcoran and on May 28, 2009, which was misidentified in the complaint as March 28, 2009, he made his initial appearance before the unit classification committee. (Comp., Ex., p. 154.) Plaintiff's allegations relating to the violation of his rights by staff at CSP-Corcoran will not be addressed any further in this order. Any claims against staff at CSP-Corcoran are clearly improperly joined to the claims in this action and they must be litigated in a separate suit.

Although Plaintiff alleges a claim for retaliation against Defendant Rivera, his complaint is devoid of any facts supporting a claim that Defendant Rivera took adverse action against him because of his exercise of a protected right. Brodheim, 584 F.3d at 1269; Rhodes, 408 F.3d at 567-68. Plaintiff may not describe events he perceives as adverse and then simply conclude that retaliation occurred. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949; Moss, 572 F.3d at 969.

Further, Defendant Clark's alleged "silence" on these matters does not provide a basis for the imposition of liability against him, Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50; Ewing, 588 F.3d at 1235, nor are the appeals coordinators who handled his subsequent appeal liable, Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640.

### III.  Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In amending, Plaintiff is reminded again that he may not bring unrelated claims against unrelated parties, and as previously stated, the fact that Plaintiff filed inmate appeals grieving his various claims does not create a common thread which links the claims and allows Plaintiff to pursue otherwise unrelated claims together in one action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens, 635 F.3d at 952; George, 507 F.3d at 607.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand,

644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:    February 20, 2012                    /s/ Sheila K. Oberto
                                               UNITED STATES MAGISTRATE JUDGE